JOHN JENNINGS, Plaintiff in Error;.

*vs.*

JAMES H. PAINE, Defendant in Error.

ERROR TO THE OZAUKEE CIRCUIT COURT.

Though an attorney or counsel, on the trial or examination of his client upon a criminal charge, in commenting upon the testimony of a witness who has. testified to facts tending to sustain the charge, or prove the offence, may, during his argument, accuse such witness of perjury, in regard to matters to which he. has testified pertinent to the inquiry in hand, he is not liable to an action of. slander.

This protection to the members of the legal profession is essential to, the due administration of justice.

The privilege of the attorney, solicitor or counsel, in commenting upon the testimony of a witness, is not without limitation. If he avail himself of his position to gratify his private malice toward a party, witness, or any other person, without relation to the matter of inquiry, he is liable.

THIS was an action for slander tried on the 8th of May, 1855, in the Circuit Court of Ozaukee county. The declaration contains three counts. In the first, after the usual averment of character, the plaintiff alleges as follows: "And whereas, also, before the committing of the said grievances by the said defendant, as in the first and second counts hereinafter mentioned, a certain examination had been depending before Winfield Smith, a court commissioner of the District Court of the United States for the District of Wisconsin, at the city of Milwaukee, in said state of Wisconsin, of one John A. Messenger, upon a complaint wherein the said messenger was charged with aiding and assisting in the rescue of Joshua Glover, a fugitive slave, from the custody of the marshal of the United States, for the district of Wisconsin, and on such examination the said plaintiff had been and was examined on oath, and had given his evidence as a witness for and on the part of the United States of America, to wit, at the county aforesaid. Yet the defendant, knowing, contriving, &c., heretofore, to wit, on the first day of April, 1854, at the county aforesaid, in a certain discourse which the said de-

fendant then and there had, of and concerning the said examination and the testimony given thereon, and of and concerning the plaintiff, and of and concerning the evidence by him, the said plaintiff, given on the said examination as such witness as aforesaid, in the presence and hearing of one Winfield Smith, and of divers other good and worthy citizens of this state, then and there, in the presence and hearing of the last-mentioned citizens, falsely and with malice express, spake and published of and concerning the said plaintiff, and of and concerning the said evidence given by the plaintiff on said examination as such witness, the false, scandalous, malicious and defamatory words following, that is to say: 'He (meaning the plaintiff) came here (meaning as a witness upon said examination) with black perjury upon his soul.'" (Meaning that the plaintiff came to said examination as a witness with the intent to commit the crime of willful and corrupt perjury, and that the plaintiff, as such witness, in his evidence given upon such examination, did commit the crime of willful and corrupt perjury.)

Second count the same, and varying the words as follows: "He (meaning the plaintiff) stood there (stood as a witness on said examination) with black perjury upon his soul." (Meaning that the said plaintiff, as a witness on said examination, in his testimony as such witness, had been guilty of the crime of willful and corrupt perjury, and that the guilt of the crimẽ of perjury rested upon the soul of the plaintiff.)

Third count the same, varying the words as follows: "He (meaning the plaintiff) is perjured."

The defendant pleaded: First, the general issue. Second, specially, that the supposed speaking was in the capacity of counsel and privileged, and pertinent to the issue. Third, the same as second special plea, setting out the testimony of the plaintiff as proved by the minutes of Winfield Smith, thereinafter contained.

The plaintiff replied specially, traversing the pertinency of the words spoken.

On the trial in the court below, the plaintiff proved substantially the speaking of the words, by the defendant, set out in the declaration, at the time and place, and in the manner as set forth in his (the defendant's) special pleas. It appeared in evidence

that the plaintiff was a material witness on the examination before the commissioner, and that the words were spoken by the defendant as counsel for the defendant on such examination, in commenting upon the testimony given by the plaintiff, when sworn as a witness, and while being examined as such, in the matter then in hearing before such commissioner.

It appears by the record, that after the counsel for the plaintiff had closed his evidence, the counsel for the defendant moved the court for a nonsuit, on the ground that the defendant was privileged, as counsel for the defendant on examination before the commissioner, in the speaking of the words alleged and claimed to have been proven; and that the words were pertinent to the subject matter of inquiry; which motion was granted by the court below, and the plaintiff excepted. Final judgment was thereupon rendered in favor of the defendant for costs, and the plaintiff thereupon sued out his writ of error.

*J. E. Arnold*, for plaintiff in error.

*Byron Paine*, for defendant in error.

*By the Court*, WHITON, C. J. We have no doubt that the nonsuit in this case was rightly ordered.

The testimony of the plaintiff at the trial clearly established the following facts:

1st. That the alleged slanderous words were spoken by the defendant as an attorney at law, while he was defending his client before a commissioner of the United States, while the client was being examined before the commissioner on a criminal charge.

2d. That the plaintiff was a witness before the commissioner, had given evidence which was important, and which tended to prove the crime of which the client was accused.

Under these circumstances, were we to hold that the attorney could be held answerable in damages for charging the witness with perjury in regard to the testimony which he delivered, we should at once take away from the legal profession a protection absolutely essential to the faithful discharge of their duty to those who employ them.

A counselor who is defending his client when his property,

liberty or life may depend upon the fact whether the court or jury believe the witness, should not be obliged to comment upon his testimony, with the prospect of an action of slander before him, if a jury should believe that the charge of perjury, which he felt it his duty to make against the witness, was not warranted by the character of the witness or the circumstances of the case. The authorities sustain this view of the matter. The doctrine as settled by the authorities is well stated by Shaw, Chief Justice, in the case of *Hoar vs. Wood* (3 *Met. R.* 193), as follows: " We take the rule to be well settled by the authorities, that words spoken in the course of judicial proceedings, though they impute crime to another, and therefore, if spoken elsewhere, would import malice and be actionable in themselves, are not actionable, if they are applicable and pertinent to the subject of inquiry. Still this privilege must be restrained by some limit, and we consider that limit to be this: that a party or counsel shall not avail himself of his situation to gratify private malice by uttering slanderous expressions, either against a party, witness or third person, which have no relation to the cause or subject matter of inquiry." *See also Hodgson vs. Scarlett,* 1 *Burn & Ald.* 232; *Ring vs. Wheeler,* 7 *Cow. R.* 725; *Hastings vs. Lusk,* 22 *Wend. R.* 410; *Bradley vs. Heath,* 12 *Pick. R.* 163.

We can hardly conceive of a case where a witness has given important testimony against a party to a suit, where an accusation of perjury against the witness, would " have no relation to the cause or subject matter of inquiry." Such an accusation would of course be often improper, and would operate against the party making it, but it cannot be said that because the words were untrue, the party using them shall be liable in damages to the injured party.

Judgment affirmed.