COTTRILL vs. CRAMER and others.

LIBEL: PLEADING. *(1) Criticism of political speech, when* prima facie *libelous.  (2) Question of privileged publication not raised on demurrer.*

1. Words were published in a newspaper charging that plaintiff, during the canvass before a state election, delivered speeches at certain points in the state, in which he " made the most fanatical and incendiary appeals to the Roman Catholic voters to cast their suffrages against " a certain candidate; that such voters " spurn the appeals of this dirty reform politician;" that plaintiff " smells so badly that decent men avoid him when they pass him on the street;" that " he has attempted a lower depth of degradation than any leading politician ever before attempted in Wisconsin;" and that " as for this fellow [naming the plaintiff], no American, no patriot, can speak of him without contempt and indignation." *Held*, that these words are *prima facie* libelous.
2. The complaint, in an action upon such words, denying that plaintiff ever made speeches of the character alleged, a demurrer to it as not stating a cause of action, does not raise the question whether the words were a fair criticism upon plaintiff's speeches, and therefore privileged; and that question, when presented, will probably be for the jury, under proper instructions.

APPEAL from the Circuit Court for *Milwaukee* County. Action to recover damages for the publication in the " Evening Wisconsin," of November 26, 1875, of an alleged libel-

ous article concerning the plaintiff. The complaint states that the Evening Wisconsin is a daily newspaper published in the city of Milwaukee; that it has an extensive circulation in this state; and that the defendants are the owners, publishers and proprietors thereof. It will be seen by the date of the publication, that the article was published a few weeks after the general election of 1875. It charges that plaintiff delivered speeches at certain points in this state during the canvass preceding such election, in which he "made the most fanatical and incendiary appeals to the Roman Catholic voters to cast their suffrages against Mayor Ludington." After comparing the result of the election of 1875, in the places where such speeches are charged to have been delivered, with the result of the corresponding election of 1873, in the same places, the article proceeds as follows: " We cite these two instances — one in the country and one in the city — with peculiar gratification, because it goes to prove that the Roman Catholic voters spurn the appeals of this dirty reform politician. *Cottrill* now smells so badly that decent men avoid him when they pass him in the street. He has attempted a lower depth of degradation than any leading politician ever before attempted in Wisconsin." And further, " As for this fellow *Cottrill*, no American, no patriot, can speak of him without contempt and indignation."

The case was before this court on a former appeal, reported in 40 Wis., 555, where will be found further statements of the averments of the complaint.

A demurrrer to the complaint was interposed, in which were assigned all of the statutory grounds of demurrer, with the further ground that the article complained of is only a fair criticism by a public journal of the public speeches of the plaintiff, and is therefore privileged.

Defendants appealed from an order overruling the demurrer.

*J. J Orton*, for appellants, argued, 1. That the publication

was not libelous on its face, and charged no crime or unlaw-
ful act, but merely criticized the introduction of the religious
element into a political canvass, and was not actionable, even
though special damages were alleged *(Miller v. David,* L.
R., 6 C. P., 118; *Kelly v. Partington,* 5 B. & A., 645; *Ayre
v. Craven,* 2 Ad. & El., 24); that words not libelous *per se* are
not actionable *per se* (Townshend on Slander, § 59); that if such
criticism of a political speech were actionable at all, it cer-
tainly would not be so without averment of malice and spe-
cial damages (Townshend, §§ 209, 254, 258; 1 Starkie, 305; 2
id., 323; 1 Hilliard on Torts, 207, 342, 388; *Washburn v.
Cooke,* 3 Denio, 110); that the article was *privileged,* as a fair
comment by a public journal upon a matter of public inter-
est *(Davis v. Duncan,* L. R., 9 C. P., 396; Starkie on Slander,
Folkard's ed. of 1877, pp. 332–3, §§ 270, 271); that the sig-
nification of the publication is a question of law for the court
(Townshend, § 288; *Noonan v. Orton,* 32 Wis., 106), as is also
the question whether the publication is privileged; and that
the latter question may be raised by demurrer.    Starkie, 568.
Counsel further argued that the demurrer did not admit the
intent attributed by the *innuendoes* (Townshend, § 362; 1
Starkie, 421); and that the *innuendoes* were not based upon
any sufficient averments of fact.

For the respondent, a brief was filed by *Alfred L. Cary,*
and there was oral argument by *J. P. C. Cottrill.*    They con-
tended, 1. That the article complained of was libelous.  *Cra-
mer v. Noonan,* 4 Wis., 231; *Brown v. Remington,* 7 id., 462;
*Cary v. Allen,* 39 id., 481.    2. That malice is sufficiently
averred in the complaint, by the allegations that the article
was published " with intent to expose the plaintiff to pub-
lic hatred, contempt and ridicule," and that the matter was
" false, scandalous, malicious and defamatory."    3. That the
question whether a libelous communication is privileged, can-
not arise upon demurrer, but is matter of defense.    4. That
no averment of special damage is necessary, where the article,

as here, is libelous on its face.   1 Hilliard on Torts, p. 237, § 13.

LYON, J.   Although several grounds of demurrer are alleged, the real question to be determined on this appeal is, Does the complaint state facts sufficient to constitute a cause of action?   The learned counsel for the defendants argued 'with ability and earnestness, that the article, the publication of which is complained of, is a fair and honest criticism of public speeches delivered by the plaintiff, and hence that it is privileged.   This argument assumes that the plaint iff delivered speeches of the character imputed in the article, an assumption which is expressly negatived in the complaint. The article may be privileged, but it does not yet appear that it is so.   On this appeal we cannot look beyond the complaint, and certainly the complaint does not show the privilege, but quite the reverse.   When it shall be proved or admitted that the plaintiff made public speeches of the character imputed in the article, and not until then, the question whether the article is a fair and honest criticism of those speeches, may be presented.   And even then the question will probably be for the jury to determine, under proper instructions.

The obvious tendency of some portions of the article is to vilify the plaintiff, and expose him to hatred, contempt and ridicule.   Within all of the authorities, those portions are *prima facie* libelous.   If facts exist which justify the publication of the article, they do not appear from the complaint, and to be available must be averred and proved.

It was said in the argument, that many extrinsic facts are stated in the complaint by way of *innuendo* only.   There is some ground for this criticism, for the complaint is prolific of *innuendo* and comparatively barren of averment.   It is said in *Weil v. Schmidt*, 28 Wis., 137 (and the proposition is elementary), that "it is not the office of an *innuendo* to enlarge the meaning of the words, but to point their meaning

to some precedent matter, expressed or necessarily understood." p. 140. But, rejecting superfluous *innuendoes*, we think the complaint will still be sufficient.

We conclude that a cause of action is stated in the complaint, and that the demurrer was properly overruled.

*By the Court.* — Order affirmed.