## COCHRAN vs. MELENDY.

*December 11, 1883 — January 8, 1884.*

*Libel: Privilege: Demurrer.*

1. The following letter was written to the foreman of the car-shops of the St. Paul railway company, in which the plaintiff had been employed: "Did you, within the past two years, have a man by name of *Joseph Cochran* [the plaintiff] work in the St. Paul shops under your management? It is reported that that man has tools stamped with the St. Paul marks in his possession and in his tool-chest. Said *Cochran* has worked for the Davis Buss Line till a short time since. On my purchasing the line I discharged him, believing him unsafe to take moneys. *Cochran* is a brother-in-law of E. C. Davis who formerly owned the Buss Line. If you think you would like to look into the matter, you can see me most any time at the Buss Line office, 307 Milwaukee street, or at my residence, 590 Jackson street. This message I desire strictly *confidential*, only you may show, if you like, to S. S. Merrill." S. S. Merrill was the general manager of the railway company. *Held*, that the letter imports a charge of embezzlement or larceny, or both, of the tools, and is libelous *per se.*

2. An averment of the complaint, in an action of libel, that the publication was *malicious*, is fatal, on demurrer, to the claim of privilege.

APPEAL from the Circuit Court for *Milwaukee* County.

The action is to recover damages for an alleged libel written and published by the defendant of and concerning the plaintiff. This appeal is by the defendant from an order overruling a general demurrer to the complaint. The publication complained of is a letter addressed by the defendant to John Bailey, Esq., the foreman in the car-shops of the Chicago, Milwaukee & St. Paul Railway Company, at Milwaukee, in which shops the plaintiff had theretofore been employed as a mechanic for four years, and until August 1, 1881. S. S. Merrill, named in the letter, was then and still is the general manager of such railway company. The

---

Cochran vs. Melendy.

---

above facts are stated in the complaint. The letter is as follows:

"MILWAUKEE, WISCONSIN, June 17, 1882.

"*John Bailey, Esq.:* Did you, within the past two years, have a man by name of *Joseph Cochran* work in the St. Paul shops under your management? It is reported that that man has tools stamped with the St. Paul marks in his possession and in his tool-chest. Said *Cochran* has worked for the Davis Buss Line till a short time since. On my purchasing the line I discharged him, believing him unsafe to take moneys. *Cochran* is a brother-in-law of E. C. Davis, who formerly owned the Buss Line. If you think you would like to look into the matter, you can see me most any time at the Buss Line office, 307 Milwaukee street, or at my residence, 590 Jackson street. This message I desire strictly *confidential,* only you may show, if you like, to Mr. S. S. Merrill.                    Yours truly,

"D. A. MELENDY."

The complaint charges that the letter was written and published by the defendant "wrongly, falsely, and maliciously;" and, both by direct averment and by way of innuendo, it alleges that the defendant thereby intended to charge and cause it to be believed that the plaintiff had been and was guilty of embezzlement and larceny.

*Geo. H. Noyes,* counsel, for the appellant.

For the respondent there was a brief by *Johnson, Rietbrock & Halsey,* and oral argument by *Mr. Johnson.*

LYON, J. For the purposes of the demurrer the language of the letter upon which the action is predicated must be understood in its ordinary and usual signification, and must be interpreted as men, knowing all the circumstances, would generally understand it. *Weil v. Schmidt,* 28 Wis., 139. Tested by this rule, we cannot doubt the letter *prima facie* imports a charge of embezzlement against the plaintiff in

respect to the tools therein mentioned, and would be so understood by most people. In the form of an interrogatory the defendant in his letter refers to the fact that the plaintiff had theretofore worked in the shops of the railway company, thus suggesting the opportunity to take the tools. He then apprises the foreman of the shops that the plaintiff is reported to have tools stamped with the marks of the company not only in his possession but in his tool-chest,— thus fairly implying that they were kept out of view. He then proceeds to inform Mr. Bailey that when he purchased the omnibus line he found the plaintiff at work for the former proprietor, but discharged him because he believed him unsafe to take money; and then, as if to remove any impression favorable to the plaintiff because he had been so employed by the former proprietor, the defendant promptly proceeds to inform Mr. Bailey that the plaintiff is a brother-in-law of such proprietor. Having thus suggested that plaintiff has tools in his chest which presumably once belonged to the railway company; that he has had an opportunity to take them wrongfully; and that he is not a trustworthy man,— the defendant suggests an interview with Mr. Bailey, if the latter should desire "to look into the matter," and gives his office and residence addresses to facilitate such interview. He then makes the communication strictly confidential, except he authorizes Mr. Bailey to show it to the general manager of the railway company. It is significant that such exception is in favor of the chief executive officer of the railway company, who doubtless had authority to direct proceedings to be instituted for the recovery of the tools; and the permission to show the letter to him is little short of a suggestion that the matter be brought to his notice.

If the defendant did not mean to impute a wrongful taking of the tools, and to expose the plaintiff to trouble on account thereof, why did he impeach the plaintiff's honesty,

and attempt to conceal his agency in the exposure? And if he did not intend to impute embezzlement, why did he suggest the plaintiff's opportunity to embezzle the tools? There may be no malice in all this, but knowing only the facts stated in the complaint, in the light of those facts we think the letter clearly imports a charge, either of embezzlement or larceny, or both. For the purposes of the demurrer it is immaterial whether one or the other of these offenses is imputed therein. If either is imputed, the letter is libelous *per se.*

There is no force in the claim that the defendant merely expressed his suspicion or belief in the matter. His letter asserts as a fact that reports were in circulation that plaintiff had the tools in question in his tool-chest, and thereupon the defendant spread the reports by informing the very men who would be most likely to make the plaintiff trouble because of them, that such reports existed. Neither can it be held that the matter contained in the letter is conditionally privileged, because the complaint charges that the letter was published maliciously, and that averment is fatal on demurrer to the claim of privilege. *Servatius v. Pichel,* 34 Wis., 292.

We conclude that the complaint states a cause of action, and hence that the demurrer was properly overruled.

*By the Court.*— Order affirmed.