KEELEY, Appellant, vs. GREAT NORTHERN RAILWAY COMPANY, Respondent.

*February 3—February 24, 1914.*

*Libel: Pleading: Conclusions not admitted by demurrer: Statements made in legal proceedings: Privilege: Relevancy.*

1. A demurrer to a complaint for libel based upon certain statements contained in an affidavit for a new ·trial does not admit mere conclusions of the pleader, such as that the affidavit and its contents were irrelevant to the motion.

2. The fact that the court to which the affidavit was presented disapproved of and refused to consider it and denied the motion for a new trial, is not conclusive that it was in fact irrelevant or improper.     -

3. Public interest demands that complainants and suitors and their lawful representatives be at liberty to urge, before any legal tribunal having authority to decide, all matters relevant to the questions to be decided.

· 4. In order to bring a witness, counsel, -or party in a litigation within the rule of absolute privilege, it is only necessary to show that the alleged slanderous or libelous words, at the time when made or published, were clearly relevant to the pending legal inquiry: in which they were uttered or used.

5. In a complaint for libel based upon statements in an affidavit used by defendant upon a motion for a new trial in another action, allegations charging defendant with bad faith in presenting such affidavit, with lack of ·reasonable belief in the truth thereof, and with knowledge that it was false and malicious, do not suffice to deprive defendant of the defense of absolute privilege if the affidavit was in fact relevant to such motion.

6. In legal proceedings, if the matter be relevant but false in fact, the law undertakes to punish for perjury, but civil damages are not recoverable. If irrelevant, false, and uttered or published with express malice or without any *bona fide* belief in its truth or relevancy, damages may be recovered in a civil action.

7. Where, in an action against a railway company by the widow of an employee whose death is alleged to have been caused by negligence, plaintiff recovered a verdict based largely upon the

testimony of one man, an affidavit for a new trial impugning the character of the plaintiff for chastity, particularly in respect to her relations with such witness, was relevant as tending to show a motive on his part for falsifying, and, whether or not it was false, or presented in bad faith, was absolutely privileged.

APPEAL from an order of the circuit court for Douglas county: FRANK A. Ross, Circuit Judge. *Affirmed.*

The appeal is from an order sustaining a demurrer to the complaint.

The complaint in substance set forth that on May 13, 1907, the husband of plaintiff, while in the employment of defendant, was killed in consequence of defendant's negligence; that she brought an action against the defendant for damages under the death statute and recovered after a trial in which she was a witness in her own behalf with reference to formal and uncontested points, and in which an employee of the defendant named Harty was called as a witness by and for the plaintiff and gave relevant and material testimony tending to establish the liability of defendant. After verdict for the plaintiff defendant moved for a new trial on six specified grounds, three relating to errors of law by the court and the other three somewhat general and ambiguous, namely, because the verdict was contrary to law; because the verdict was contrary to the evidence; and because the verdict was for excessive damages. Attached to and made part of the motion papers was an affidavit of one Sandager, a detective in the employment of defendant, made on July 23, 1908, containing false, defamatory, and libelous matter with reference to plaintiff therein set forth, reflecting upon the chastity of the plaintiff. It is averred that this affidavit and the statement above referred to were wholly and entirely immaterial, irrelevant, and not pertinent to any issues involved in said action or on said motion for said new trial, and that said affidavit and statements were not material, pertinent, or relevant to any matter or subject in said action, or considered, or

proper to be considered, on said motion, and that neither said affidavit nor any of the statements therein contained nor any of the statements quoted therefrom were proper to be used or filed in said action or upon said motion, which facts were well known to the defendant and its attorneys and counsel at and prior to the time of making and filing said affidavit and statements. The defendant, acting by and through its attorneys, at the hearing of the motion for a new trial, in the presence of the circuit judge and others, read said affidavit and statements in open court. The presiding judge filed an order in said court denying defendant's motion for a new trial, which order contained the following statement:

"The affidavits of Zearfoss, Barr, and Sandager presented by defendant's counsel, in the opinion of this court, are improper and ought not to be considered and they are not considered on the decisions of the several motions."

This order and the decision of the circuit judge were affirmed by the supreme court of this state on the appeal of the defendant therefrom. The statements contained in said affidavit and quoted were wholly and entirely false, and this fact was well known to the defendant at and prior to the time of filing and reading of said affidavit. On the day the affidavit was presented and filed in the circuit court, plaintiff caused to be served on the defendant a notice in writing advising the defendant of the filing of said libelous affidavit and statements by its said attorneys, but the defendant failed and neglected to take any action of any kind disapproving of the conduct of its said attorneys and counsel or in any manner disaffirming or repudiating such conduct or such libelous statements, but on the other hand, after receipt of this notice, by and through its attorneys, caused and procured said affidavit containing the alleged libelous statements to be filed in the office of the clerk of the circuit court for Eau Claire county and thereafter to be filed with the clerk of the supreme court of the state of Wisconsin, and failed and neg-

lected to make any effort or request to withdraw from the files said affidavit and such statements therein contained. It is further averred that the acts and conduct of said Sandager and of said attorneys were fully ratified, approved, and confirmed by the defendant, and that the said acts and conduct were malicious, vindictive, and with the intention and for the purpose of injuring, damaging, and destroying the good name and reputation of the plaintiff and to cause her shame, humiliation, disgrace, and degradation. It is also averred that the plaintiff has always been and is now a woman of chaste character and of good reputation.

The cause was submitted for the appellant on a brief signed by *Dietrich & Dietrich,* attorneys, and *E. E. Collins,* of counsel, and for the respondent on that of *J. A. Murphy.*

For the appellant it was contended, *inter alia,* that matter which is impertinent is only conditionally privileged, and if false and malicious is actionable. *Jennings v. Paine,* 4 Wis. 358; *Calkins v. Sumner,* 13 Wis. 193; *Larkin v. Noonan,* 19 Wis. 82; *Noonan v. Orton,* 32 Wis. 106; *Schultz v. Strauss,* 127 Wis. 325, 106 N. W. 1066; *Joseph v. Baars,* 142 Wis. 390, 125 N. W. 913; *Myers v. Hodges,* 53 Fla. 197, 44 South. 357; *Cottrill v. Cramer,* 43 Wis. 242; *Eviston v. Cramer,* 47 Wis. 659, 3 N. W. 392; *Cochran v. Melendy,* 59 Wis. 207, 18 N. W. 24; *Servatius v. Pichel,* 34 Wis. 292. The matter complained of was not relevant because in the nature of impeaching evidence, which is not ground for a new trial in this state. *Martineau v. May,* 18 Wis. 54; *Hooker v. C., M. & St. P. R. Co.* 76 Wis. 542, 44 N. W. 1085; *Curran v. A. H. Stange Co.* 98 Wis. 598, 74 N. W. 377; *Knopke v. Germantown F. M. Ins. Co.* 99 Wis. 289, 74 N. W. 795; *Taylor v. U. S.* 89 Fed. 954; *Loucheine v. Strouse,* 49 Wis. 623, 6 N. W. 360; *Kelley v. G. N. R. Co.* 139 Wis. 448, 121 N. W. 167; *Hyde v. McCabe,* 100 Mo. 412, 13 S. W. 875; *King v. McKissick,* 126 Fed. 215; *Moore*

*v. Manufacturers' Nat. Bank,* 123 N. Y. 420, 25 N. E. 1048; *Union Mut. L. Ins. Co. v. Thomas,* 83 Fed. 803.

To the proposition that the alleged libelous matter was absolutely privileged, counsel for the respondent cited, among other cases, *Schlag v. C., M. & St. P. R. Co.* 152 Wis. 165, 139 N.' W. 756; Odgers, Libel & S. (1st ed.) 191; Newell, Slander & L. 423, 425, 443, 450; *Revis v. Smith,* 18 C. B. 126; *Warner v. Paine,* 2 Sandf. 195; *Terry v. Fellows,* 21 La. Ann. 375; *Hoar v. Wood,* 3 Met. 193; *Hartsock v. Reddick,* 6 Blackf. 255; *Hunckel v. Voneiff,* 69 Md. 179, 14 Atl. 500; *Lea v. White,* 4 Sneed (36 Tenn.) 111; *Myers v. Hodges,* 53 Fla. 197, 44 South. 357; *Lauder v. Jones,* 13 N. Dak. 525, 101 N. W. 907; *Burke v. Ryan,* 36 La. Ann. 951; *Buschbaum v. Heriot,* 5 Ga. App. 521, 63 S. E. 645; *Suydam v. Moffatt,* 1 Sandf. 459; *Bibb v. Crawford,* 6 Ga. App. 145, 64 S. E. 488.

TIMLIN, J.  The demurrer must be taken to admit the good character, chastity, and good reputation of the plaintiff and the falseness of the accusations against her contained in the affidavit of Sandager, also the agency of the defendant's attorneys for defendant in procuring and filing this affidavit and the ratification by defendant of their acts in so doing by neglect, after notice, to take any action to withdraw or repudiate said affidavit or the libelous statements therein contained.  On the other hand, it cannot be taken to admit the pleader's conclusions that the affidavit and its contents were irrelevant, because the facts upon which such conclusions are based are set forth in the complaint.  The case is, from one viewpoint, well calculated to arouse sympathy for the plaintiff and indignation against the defendant.  The latter, upon motion for a new trial in the personal injury action [*Keeley v. G. N. R. Co.*] reported in 139 Wis. 448, 121 N. W. 167, presented the affidavits of Zearfoss and Barr and that of its

detective, Sandager, the first two suggesting that one Harty, a witness for the plaintiff in that action, upon whose testimony the verdict largely rested, was a liar and perjurer, and the third charging that he was a self-confessed thief, but also containing, among other things, actionable aspersions upon the chastity of plaintiff resting upon the hearsay statements of this man Harty, whose sworn testimony they at the same time contended was unworthy of belief. These hearsay statements were supplemented by a somewhat vague statement of the detective, Sandager. But sympathy and indignation are emotions which must be laid aside in the decision of legal controversies by those who would hold with an even hand the scales of justice. There is also another aspect of the case which may have presented itself persuasively to the attorneys by and through whom the defendant acted. Harty's testimony largely turned the case against defendant, and there was considerable showing of recklessness of statement on his part. Professional zeal may have made the counsel unduly suspicious of those opposed and unduly credulous of everything which made in their favor, but this is the ordinary mental condition of litigants and frequently of their counsel. If the illicit relations charged existed, a motive for falsifying by Harty would be shown and he could no longer be considered a disinterested witness as he appeared to the court and jury on the trial. The case was close enough on the evidence so that this consideration might induce the learned circuit court to exercise his discretion in granting a new trial if he believed the verdict unjust. The fact that the judge apparently disapproved of this attack upon the reputation of the plaintiff, and also denied the motion for a new trial as he lawfully might do, is immaterial. The affidavit was just as relevant on the motion for a new trial denied in this way as it would have been had the trial court been induced thereby to grant a new trial. *Schlag v. C., M. & St. P. R. Co.* 152 Wis. 165, 139 N. W. 756, and cases cited.

To the ordinary observer it might and no doubt often does appear that court proceedings would be greatly improved by more courteous and considerate treatment of parties and witnesses, and to a great extent this is true. But this courtesy cannot be enforced to the extent of excluding relevant matters from the consideration of the court, for we are not to suspend the search for relevant truth for the sake of courtesy. The paramount public interest here intervenes and overrides considerations of mere private right as between the parties. It is not out of tenderness to the calumniator or the bearer of false witness that the law regards certain communications as absolutely privileged. But public interest demands that complainants and suitors and their lawful representatives be at liberty to urge, before any legal tribunal having authority to decide, all matters relevant to the questions to be decided. A communication may be absolutely or conditionally privileged.

"An absolutely privileged communication is one in respect of which, by reason of the occasion upon which it is made, no remedy can be had in a civil action of slander or libel." "A conditionally privileged publication is a publication made on an occasion which furnishes a *prima facie* legal excuse for the making of it; and which is privileged unless some additional fact is shown, which so alters the occasion as to prevent its furnishing a legal excuse. The additional fact which in the majority of cases is required to destroy this conditional privilege, is malice, meaning bad intent." *Noonan v. Orton,* 32 Wis. 106.

In *Schultz v. Strauss,* 127 Wis. 325, 106 N. W. 1066, the statements of a witness before a grand jury were held to be absolutely privileged; and in *Jennings v. Paine,* 4 Wis. 358, a relevant statement by an attorney in argument was held to be entitled to the same privilege. In *Larkin v. Noonan,* 19 Wis. 82, charges otherwise libelous and maliciously made, embraced in a petition to the governor for the removal of a sheriff from office, but relevant to the removal, were held not

sufficient to support an action for libel. In *Calkins v. Sumner,* 13 Wis. 193, a witness in an action was sued for slander in giving his testimony, and it was ruled that the defendant was not liable even if the charge was made by him maliciously, if what he testified to was relevant to the subject of inquiry.

It is contended here that the demurrer admits these averments of the complaint which charged lack of good faith, want of reasonable belief in the truth of the affidavit made against the plaintiff, and knowledge on the part of the defendant that the affidavit in question was false and malicious, hence that the defendant cannot shelter itself behind a plea of privilege. This would be true as to conditional privilege. But this complaint shows on its face that the court had jurisdiction to entertain the motion and that the matter complained of was relevant to the inquiry upon this motion, and in this respect shows a case of absolute privilege within the rule of *Jennings v. Paine,* 4 Wis. 358; *Calkins v. Sumner,* 13 Wis. 193; *Larkin v. Noonan,* 19 Wis. 82; *Schultz v. Strauss,* 127 Wis. 325, 106 N. W. 1066. The cases of *Cottrill v. Cramer,* 43 Wis. 242; *Eviston v. Cramer,* 47 Wis. 659, 3 N. W. 392; and *Cochran v. Melendy,* 59 Wis. 207, 18 N. W. 24, were cases of communications conditionally privileged and are not in point here.

In order to bring a witness, counsel, or party in a litigation within the rule of absolute privilege, it is only necessary to show that the alleged slanderous or libelous words, at the time when made or published, were clearly relevant to the pending legal inquiry in which they were uttered or used. Nothing less than this would be an adequate protection. Odgers, Libel & S. 191; *Hoar v. Wood,* 3 Met 193; *Laing v. Mitten,* 185 Mass. 233, 70 N. E. 128. Where slanderous or libelous words employed in such a proceeding are irrelevant they fall within the rule of conditional privilege, and if they are shown to be false and not put forward with any *bona fide*

belief in their truth or their relevancy, or any other ground
of actual malice be shown, the conditional privilege is lost
and the utterer liable. Without approving everything said
therein we may here cite *Myers v. Hodges,* 53 Fla. 197, 44
South. 357; *Lauder v. Jones,* 13 N. Dak. 525, 101 N. W.
917. In some of the cases and text-books cited the distinc-
tion between absolute and conditional privilege is not accu-
rately stated, as in Newell on Defamation, Slander and Libel,
page 423; but see page 425 of the same work. Cases from
other courts may also be found which ignore the distinction
between absolute and conditional privilege; here made to rest
upon the nature of the judicial proceeding and the relevancy
of the matter complained of. But such cases are not the law
of this state. In legal proceedings, if the matter be relevant
but false in fact, the law undertakes to punish for perjury,
but civil damages are not recoverable. If irrelevant, false,
and uttered or published with express malice, damages may
be recovered in a civil action. If irrelevant and false, but
uttered or published without actual as contradistinguished
from imputed malice, it usually falls within the rule of con-
ditional privilege, depending somewhat upon the degree of
its irrelevancy; for if the matter is very obviously irrele-
vant, that circumstance may impugn the good faith of the
utterer or publisher and either take the case out of the rule
of conditional privilege or be considered evidence to support
a finding of express malice. *Sherwood v. Powell,* 61 Minn.
479, 63 N. W. 1103, 29 L. R. A. 153; *McLaughlin v. Cowley,*
127 Mass. 316; *S. C.* 131 Mass. 70.

    *By the Court.*—Order affirmed.