KOEHN, Appellant, vs. ST. JOHN'S EVANGELICAL LUTHERAN CONGREGATION OF THE TOWN OF MILWAUKEE, Respondent.*

*May 16—June 15, 1945.*

* Motion for rehearing denied, with $25 costs, on September 11, 1945.

The cause was submitted for the appellant on the brief of *W. J. Kershaw* of Milwaukee, and for the respondent on the brief of *von Briesen & von Briesen* and *Harry E. Bertram,* all of Milwaukee.

BARLOW, J. The complaint alleges that the property was subject to a previous action between the parties hereto, and sets out in full the complaint, answer, findings of fact, and conclusions of law, and the judgment of the circuit court for Milwaukee county in that action, which judgment was dated November, 1930. In the first action plaintiff sought to restrain defendant from removing the building which had been used for church purposes. In that action the court found that Johann Christoph Koehn was the owner of the land in question on June 15, 1866, and conveyed the same to the defendant, conditioned that the land be used for the purpose of erecting a church thereon for the use of said congregation, but if at any time the grantee removed the church from said land, or did not hold services thereon, the land should revert back and belong to the grantor. In March, 1867, the same grantor and his wife gave a quitclaim deed of the same premises to the defendant, containing a reversionary clause, with no material change from the original deed. On December 1, 1880, the same grantor and his wife gave a warranty deed to the defendant of the premises in question with no reversionary clause. A church was erected in 1888, and over three hundred bodies were buried on the premises between 1866 and 1930.

The plaintiff, August Koehn, obtained title to the adjoining land in 1924 from the heirs at law of Johann Christoph Koehn,

deceased. The court granted judgment, establishing title to the land in question in St. John's Evangelical Lutheran Congregation of the town of Milwaukee, defendant herein, in fee simple, and it was adjudged that "the plaintiff, August Koehn, be and hereby is forever barred from all right, title and interest which he may have had in said property," denying the injunction.

After alleging the foregoing, the plaintiff alleges that it was the intent of the original grantor and his wife, and the understanding of the parties, that the defendant was to maintain a church building thereon, and that since the year 1930 the defendant has not maintained a church building on the premises, but merely used them as a burying ground for deceased members of the congregation, and that lots for burials were sold by the defendant for a profit to itself.

Plaintiff further alleges that immediately adjacent to the cemetery he has a family home and outbuildings, which were erected many years ago, and that the use of said premises by the defendant as a cemetery constitutes a nuisance, and greatly impairs the value of plaintiff's homestead.

Plaintiff further alleges that by removal of the church as a place of worship and the use of the cemetery for profit, the defendant has forfeited its right to the ownership of the land, and that it reverts to the plaintiff or the heirs at law of the deceased grantor. Defendant demurred to the complaint, and at the time of the hearing plaintiff was granted leave to amend his complaint by adding the allegation: "That the defendant at no time had the capacity or authority to hold the title to real estate," and by adding the further allegation: "That the plaintiff has no adequate remedy at law." The trial court sustained the demurrer and ordered judgment dismissing the plaintiff's complaint on its merits.

Plaintiff now contends that the only question in the original action was the right of the defendant to remove the particular church building, which the court found was per-

sonal property and subject to removal. Apparently plaintiff gives no consideration to that part of the judgment set forth in the complaint, which provides as follows: "That the defendant congregation is the owner of the land in question in fee simple absolute; that the plaintiff, August Koehn, be and hereby is forever barred from all right, title and interest which he may have had in said property."

It appears from the complaint that on December 1, 1880, the defendant obtained title to the premises in question free and clear from any reversionary clauses or conditions, and that the court adjudged the title to be in this defendant in fee simple in November, 1930. It follows that any attack upon the title of the defendant by this plaintiff is *res judicata,* as there is an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction. *Lewko v. Chas. A. Krause Milling Co.* (1935) 219 Wis. 6, 261 N. W. 672; 34 C. J., Judgments, p. 1058, sec. 1494 (2); *Dodge v. Detroit Trust Co.* (1942) 300 Mich. 575, 2 N. W. (2d) 509.

Plaintiff contends that the allegation in the complaint in this action, that the maintenance of the cemetery constitutes a nuisance, presents an entirely new issue which was not determined in the first action, and for this reason the demurrer should have been overruled. It has been uniformly held that a cemetery is not a nuisance *per se* and the complaint fails to allege that it is a nuisance as a matter of fact by virtue of its manner of use. *Killian v. Brith Sholom Congregation* (1941, St. Louis Court of Appeals), 154 S. W. (2d) 387; *Normandy Consolidated School District of St. Louis County v. Harral,* 315 Mo. 602, 286 S. W. 86; *Symmonds v. Novelty Cemetery Association of Knox County* (Mo. App.), 21 S. W. (2d) 889. The allegation in the complaint that the cemetery constitutes a nuisance is a mere conclusion of law, not admitted by demurrer. *Lipman v. Manger* (1924), 185 Wis. 63, 200 N. W. 663; *Northwestern Mut. L. Ins. Co. v. State*

(1920), 173 Wis. 119, 180 N. W. 138; *Keeley v. Great Northern R. Co.* (1914) 156 Wis. 181, 145 N. W. 664.

The last issue raised by plaintiff is that the allegation in the amended complaint that defendant has no capacity to hold real estate raises an issue not disposed of in the first action. In pleading the findings of fact in the first action, the complaint alleges that the defendant is a church corporation, organized under the laws of the state of Wisconsin, and the judgment in the first action, which was made a part of the complaint in this action, vests the title to the real estate in this defendant in fee simple. Ch. 187, sec. 187.01 *et seq.,* Stats., providing for the incorporation of religious organizations, authorizes them to receive, purchase, hold, and use real estate for the purposes of their incorporation. It is considered this question was determined in the first action and is therefore *res judicata.*

*By the Court.*—Judgment affirmed.