NOVICK, Respondent, vs. BECKER and another, Appellants.

*May 8—June 3, 1958.*

For the appellants there was a brief by *Wilkie, Anderson & Bylsma* of Madison, and oral argument by *Norman C. Anderson.*

For the respondent there was a brief by *Donald S. Eisenberg,* and oral argument by *Mr. Eisenberg* and by *Mr. David S. Novick in pro. per.,* both of Madison.

CURRIE, J. The issue on this appeal is whether the plaintiff's complaint sets forth a cause of action. The plaintiff contends that it sets forth a cause of action for libel, malicious prosecution in the nature of a wrongful garnishment, and abuse of legal process.

It is readily apparent that the complaint fails to set forth a cause of action for libel. Parties to judicial proceedings are absolutely exempt from responsibility for libel on the ground of privilege for any defamatory matter published in the course of judicial proceedings, subject to the possible qualification that such defamatory matter is pertinent or relevant to the case. Restatement, 3 Torts, p. 231, sec. 587; Prosser, Law of Torts (2d ed.), pp. 608, 609, sec. 95; 33 Am. Jur., Libel and Slander, p. 142, sec. 146; and 53 C. J. S., Libel and Slander, p. 167 *et seq.,* sec. 104.

If the complaint does set forth a cause of action, it is one for malicious prosecution and not one for abuse of legal process. The distinction between abuse of process and malicious prosecution is pointed out by Prosser as follows (Prosser, Law of Torts (2d ed.), p. 667, sec. 100) :

"Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing or misapplying process justified in itself for an end other than that which it was designed to accomplish." See also 1 Am. Jur., Abuse of Process, p. 176, sec. 3; and 72 C. J. S., Process, p. 1188, sec. 119.

In the instant complaint there is no allegation that the garnishment action was perverted to a wrong use after having been justifiably or validly instituted. The whole gist of the cause of action alleged is that it was wrongfully instituted

for an improper purpose. In the comment note entitled, "Action for abuse of process," Anno. 80 A. L. R. 580, the author states (pp. 580, 581):

"Where the matter complained of concerns the issuance of process, the action is either strictly or by analogy one for malicious prosecution. In this category are included actions for the malicious institution of criminal proceedings, the wrongful and malicious procurement of attachment or other process of seizure, and the institution of bankruptcy proceedings. . . . But where the thing complained of is not that issuance of the process was wrongfully procured, but that, having been issued, it was wilfully perverted, so as to accomplish a result not commanded by it or lawfully obtainable under it, the action has been denominated by well-considered cases as one for the abuse of process."

In *Italian Star Line v. United States Shipping Board E. F. Corp.* (2d Cir. 1931), 53 Fed. (2d) 359, 80 A. L. R. 576, the court held that in order to make out a cause of action for abuse of process the plaintiff must prove *"irregular steps"* taken under cover of the process *after its issuance.* No irregular steps are alleged by the instant complaint to have been taken by the defendants after the issuance of the garnishment summons against the two banks.

We turn now to the question of whether the complaint sets forth a cause of action for malicious prosecution. In *Luby v. Bennett* (1901), 111 Wis. 613, 87 N. W. 804, this court considered the two divergent lines of authority on the issue of whether an action for malicious prosecution, based upon a civil and not a criminal proceeding, will lie in the absence of seizure of property or arrest of person inflicting some special damage. However, it was found unnecessary in that case for the court to adopt either of the two conflicting rules there discussed. Subsequently, in *Myhre v. Hessey* (1943), 242 Wis. 638, 9 N. W. (2d) 106, 150 A. L. R. 889, this court weighed the policy factors for and against each rule,

and adopted the one that an action for malicious prosecution, grounded upon a prior civil suit, would not ordinarily lie where neither the person nor property of the defendant in such prior action had been interfered with so as to inflict special damages upon him.

It appears from the annotation entitled, "Prosecution of civil suit, without arrest of person or seizure of property, as ground of action for malicious prosecution," 150 A. L. R. 897, that we are in the minority, although rather a substantial one in so holding. We again gave our stamp of approval to the rule of *Myhre v. Hessey* in *Holmlund v. Zierke* (1954), 266 Wis. 219, 63 N. W. (2d) 45. Furthermore, both the Iowa and Washington supreme courts recently again made a thorough canvass of the policy factors for and against the minority and majority rules and in well-considered opinions adopted the minority rule. *Aalfs v. Aalfs* (1954), 246 Iowa, 158, 66 N. W. (2d) 121, and *Petrich v. McDonald* (1954), 44 Wash. (2d) 211, 266 Pac. (2d) 1047.

However, under this rule the detention of the funds of a party by garnishment is such interference with his property as to sustain an action of malicious prosecution. *Veitch v. Cebell* (1900), 105 Wis. 260, 262, 81 N. W. 411, citing *Gundermann v. Buschner* (1898), 73 Ill. App. 180. Therefore, the plaintiff's complaint is not subject to attack upon the ground that it fails to allege special damages, because the allegation that plaintiff's funds on deposit in the two garnishee banks were impounded was sufficient in itself to meet the requirement of alleging special damages. As to whether damages for harm to reputation and credit are recoverable as actual damages, or only by way of punitive damages, we find it unnecessary to here determine. On this latter point, see McCormick, Law of Damages, p. 388, sec. 109; Anno. 54 A. L. R. 451; *Union Nat. Bank v. Cross* (1898), 100 Wis. 174, 187, 75 N. W. 992; and *Gilmore v. Thwing* (1932), 167 Wash. 457, 9 Pac. (2d) 775.

While the plaintiff's complaint is not deficient in failing to allege special damages, it is fatally defective in another respect. This is because there is completely lacking any allegation that the defendants instituted the garnishment proceedings *without probable cause.* Such an allegation is absolutely essential in order to state a cause of action for malicious prosecution based upon a prior civil suit. Anno. 14 A. L. R. (2d) 264, 269, 275. The allegation that the defendants had no cause of action against the plaintiff at the time they instituted the garnishment proceedings is wholly insufficient to spell out a want of probable cause.

The plaintiff urges that want of probable cause may be inferred from the dismissal of the garnishment proceedings and cites *Bigelow v. Sickles* (1891), 80 Wis. 98, 49 N. W. 106. That case held that discharge of a defendant in a criminal prosecution is *prima facie* evidence of want of probable cause. However, this principle is not applicable to an action for malicious prosecution based upon a prior civil proceeding which was dismissed. On this point we quote Prosser, Law of Torts (2d ed.), p. 666, sec. 99:

"It is generally agreed that the termination of the proceeding in favor of the person against whom it is brought is no evidence that probable cause was lacking, since in a civil action there is no preliminary determination of the sufficiency of the evidence to justify the suit."

*By the Court.*—Order reversed, and cause remanded with directions to enter an order sustaining the demurrer to the complaint.