SPOEHR, Respondent, v. MITTELSTADT, Appellant.*

*April 10—May 9, 1967.*

---

* Motion for rehearing denied, with costs, on June 30, 1967.

654

656

For the appellant there was a brief by *Ross, Stevens, Pick & Spohn,* attorneys, and *Frank A. Ross* and *Jack F. Olson* of counsel, all of Madison, and oral argument by *Frank A. Ross.*

For the respondent there was a brief and oral argument by *William L. McCusker* of Madison.

BEILFUSS, J.   The issue presented is: Was the alleged defamatory statement privileged so as to make the appellant immune from a slander action for damages?

For the purpose of the motion for summary judgment, the parties agree that the statement as alleged in the complaint was made by the appellant, Mittelstadt; that the statement is not true; that the statement would not have been proper at the trial of the action; and that the pretrial conference was a judicial proceeding.

Counsel for the appellant urge that this court adopt the English rule which holds that otherwise slanderous or libelous statements made by participants in a judicial proceeding are privileged and declarant is immune from tort liability.

The leading case, although not the first case in Wisconsin dealing with the problem, is *Bussewitz v. Wisconsin Teachers' Asso.* (1925), 188 Wis. 121, 205 N. W. 808. The court recognized the English rule to be, at page 124:

"It is generally accepted as the English rule that the privilege as to defamatory statements in pleadings is absolute, whether relevant and pertinent to the case or not, and that the same rule applies to counsel, parties, and witnesses."

The court, however, in *Bussewitz, supra,* did not adopt the English rule but adhered to the American rule and has followed it in subsequent cases; [1] we do not find sufficient justification to depart from it.

The court in *Bussewitz,* at page 124, held that Wisconsin recognized the American rule:

---

[1] See *Novick v. Becker* (1958), 4 Wis. (2d) 432, 90 N. W. (2d) 620, and *Schafer v. Suckle* (1963), 21 Wis. (2d) 425, 124 N. W. (2d) 577.

"Whatever may be the English rule, it is generally held in this country that parties, counsel, and witnesses are not in all cases absolutely exempted from liability for the use of defamatory words published or spoken in the course of judicial proceedings; but that such exemption only exists where the statements are pertinent and relevant to the issues. *Jennings v. Paine,* 4 Wis. 358; *Schultz v. Strauss,* 127 Wis. 325, 106 N. W. 1066; *Keeley v. Great Northern R. Co.* 156 Wis. 181, 145 N. W. 664. . . ."

While the *Bussewitz Case* holds that the immunity attaches to defamatory statements "pertinent and relevant to the issues," it should be pointed out that the statements in *Bussewitz* were in the pleadings. The court has given broader scope to the referent of defamatory statements in cases in which the defamatory statement was made during the course of judicial proceedings after the pleadings.

As early as 1855, in *Jennings v. Paine* (1855), 4 Wis. 372 (*358), the court held immune from tort action a statement by counsel during argument which accused an adverse witness of perjury. Quoting from a Massachusetts decision of Mr. Chief Justice SHAW in *Hoar v. Wood* (3 Met. R., 193), the court said, at page 375:

" 'We take the rule to be well settled by the authorities, that words spoken in the course of judicial proceedings, though they impute crime to another, and therefore, if spoken elsewhere, would import malice and be actionable in themselves, are not actionable, if they are applicable and pertinent to the subject of inquiry. Still this privilege must be restrained by some limit, and we consider that limit to be this: that a party or counsel shall not avail himself of his situation to gratify private malice by uttering slanderous expressions, either against a party, witness or third person, which have no relation to the cause or subject matter of inquiry.' "

The court went on to explain, at page 375:

"We can hardly conceive of a case where a witness has given important testimony against a party to a suit, where an accusation of perjury against the witness, would 'have no relation to the cause or subject matter of inquiry.' Such an accusation would of course be often improper, and would operate against the party making it, but it cannot be said that because the words were untrue, the party using them shall be liable in damages to the injured party."

Recently this court has held statements of counsel privileged which were relevant to the case:

"Parties to judicial proceedings are absolutely exempt from responsibility for libel on the ground of privilege for any defamatory matter published in the course of judicial proceedings, subject to the possible qualification that such defamatory matter is pertinent or relevant to the case." *Novick v. Becker* (1958), 4 Wis. (2d) 432, 435, 90 N. W. (2d) 620.

In support of this rule the court in *Novick v. Becker* cited the Restatement of Torts, which views as immune from liability any remarks of counsel made during judicial proceedings if the remarks bear any relation to the judicial proceedings. See Restatement, 3 Torts, pp. 229–234, secs. 586–587.

To resolve the controversy in this case we must determine whether the statement was pertinent or relevant to the case or the judicial proceeding in question.

In the *Bussewitz Case, supra,* at page 125, the court recognized the liberality of the test of relevancy:

"The question of relevancy in these inquiries is for the determination of the court and not for the jury. In considering whether allegations in a pleading are pertinent or relevant, it does not follow that the same tests are to be applied as on motions to strike out averments as irrelevant. Although most of the American courts do not follow the English rule, there seems good reason for a liberal interpretation of pleadings in actions of this

kind, when the question of relevancy is involved and such a course is based on good authority. In Pennsylvania it is held that all doubts should be resolved in favor of relevancy. [Case cited.] In Minnesota the court applies the test: 'Was the allegation so palpably wanting in relation to the subject matter of the controversy that no reasonable man could doubt its irrelevancy and impropriety?' [Cases cited.] In Nebraska it is held that on such an inquiry all doubts should be resolved in favor of relevancy and pertinency. [Case cited.] In a New York case it was held that if the allegation could possibly be pertinent or material the privilege is absolute. [Cases cited.] . . ."

Given this test, in conjunction with the long-standing rule of *Jennings v. Paine, supra,* it cannot be fairly said that the appellant's remark bears "no relation to the cause or subject matter of inquiry." The statement was relative to Spoehr's proof of damages which were at issue in the case and a subject of the pretrial conference. Attorney Johnson, in a subsequent pretrial deposition, stated that he was very concerned about the truth of the statement because if true it would go to the credibility of his client. He was of the opinion that the credibility of his client in the eyes of the jury was extremely important not only as to damages but to the factual questions of liability as well. Johnson proceeded forthwith to investigate to determine the truth of the statement in his preparation for trial in the auto accident case.

The statement was also directed toward the length of time it would take to prove damages at the trial. This was a legitimate topic for consideration at the pretrial conference.

The policy behind the liberal interpretation of what is pertinent or relevant is set forth in *Bussewitz, supra,* at page 127:

"There is good reason for such a rule that oral or written statements of parties, counsel, or witnesses, made in the course of judicial proceedings, should be

liberally construed when they are the subject of actions for libel or slander. It is the true theory that in all litigation justice is the end to be sought. If parties are shadowed by the fear that by some mistake as to facts or some excess of zeal, or by some error of counsel, they may be subjected to harassing litigation in an action for slander or libel, they may well feel that justice is too dearly bought and that it is safest to abandon its pursuit. In actions arising out of torts and in criminal cases, lawsuits are not peace conferences, but battles. They are not physical contests like the wager of battle in ancient times, but encounters in which feelings are often wounded and reputations are sometimes soiled."

We conclude that the statement allegedly made by the appellant was relevant to the case and, as such, privileged. The appellant is in this instance immune from tort liability for slander.

The court also notes that respondent offers several arguments to distinguish this case. One is that the appellant only represented certain plaintiffs in one claim against certain defendants, and that the respondent's damages were in no way at issue in the particular case in which the appellant was hired. This argument overlooks the fact that all of the originally separate lawsuits were consolidated for purposes of the pretrial conference, the "judicial proceeding" at which appellant's remark was made. The respondent's narrowly compartmentalized viewpoint fails to observe that the lawsuit pending before the judicial proceeding involved all the issues in all the separate cases, because the participants were discussing the practical problems involved in an anticipated consolidated trial. The respondent's approach is far too narrow to comport with the practical reality of this case, or with the letter and spirit of counsel's privilege to make defamatory statements at judicial proceedings.

Another argument urged by respondent is that the fact that respondent may be a deadbeat would never be ad-

missible evidence to prove any of the issues in the lawsuit being discussed at the pretrial conference. This argument fails in two respects. The first is that the appellant is not alleged to have said simply, "Your client is a deadbeat." Rather, he allegedly said, "You wouldn't have trouble proving your damages if your client wasn't such a deadbeat." This statement is relevant to the lawsuit being discussed at the pretrial. The second difficulty is that admissibility into evidence is not the test of attachment of immunity to a remark of counsel in the course of judicial proceedings. As we have seen, the test is whether the remark has any pertinence, no matter how remote, to the controversy and judicial proceedings at hand.

Ever since *Jennings v. Paine* in 1885, this court has explicitly recognized that even a highly improper remark of counsel, if pertinent to the lawsuit, may not serve as the basis for a cause of action. This legal immunity, based on strong policy grounds, does not render the remark any the less improper.

We think it appropriate to refer to the fact that the trial court prepared and filed an excellent memorandum opinion. Although we disagreed with its final conclusion, we found it scholarly and helpful.

Two additional comments are in order.

This matter comes to this court as an appeal from an order on a motion for summary judgment. We have treated it as such and this decision is the law of the case. The court, however, has grave doubts that summary judgment is a proper remedy. The respondent in his complaint alleges the appellant made a slanderous statement. The appellant in his answer specifically denied it. Clearly an important issue of fact remains undetermined. We recognize that the complaint did not set forth the circumstances under which the statement was made with sufficient detail to show that it was in connection with a judicial proceeding and that the allega-

tions necessary for this fact appear in the affirmative defense in the appellant's answer. This deficiency could have been remedied by a motion to make more definite and certain and then the principal issue raised by demurrer. We do not believe that summary judgment should be used to determine hypothetical questions based upon assumed facts.

Attorney Mittelstadt denies he made the slanderous statement alleged. For the purpose of this decision we were required to assume that he did and determined that he is not liable in tort because it was relevant and pertinent to a judicial proceeding. Our decision does not mean that we approve this kind of conduct by attorneys upon ethical grounds. We commend a review of the attorney's oath required by sec. 256.29, Stats., and Canon 18 of the Canons of Professional Ethics as adopted by this court.

*By the Court.*—Order reversed, and cause remanded with directions to dismiss the complaint.

HALLOWS, J. (*dissenting, in part*). I think summary judgment is not the proper remedy to decide a legal question posed on hypothetical facts, but assuming the remark was made it was not pertinent or relevant to the case. In the context in which it was made it was uncalled for and a gratuitous observation which served no purpose and should not be held to come under the protective cloak of the privilege. True, when one is in the pursuit of justice he should not be restrained lest he lose his vigor for the chase through fear of reprisal. To me the remark should only be privileged under the English rule. Perhaps we have adopted the English rule in substance for under our ultra-liberal construction of what we call the American rule, I have yet to find a remark made in a judicial proceeding not to be relevant or pertinent to the case.