## LOUIS R. ROLFE v. NOYES BROS. & CUTLER, INC., AND OTHERS.[1]

December 28, 1923.

No. 23,757.

**Whether libelous allegation is privileged.**

    1. In determining whether allegations in a pleading are privileged as against a claim that they are libelous the test is whether they are so palpably wanting in relation to the subject matter of the controversy that no reasonable man could doubt their irrelevancy and impropriety, following Burgess v. Turle & Co. 155 Minn. 479, 193 N. W. 945.

**Allegations privileged.**

    2. So tested certain allegations relative to the plaintiff in an action for the appointment of a receiver of a corporation in the management of which he was actively engaged were privileged.

Action in the district court for Ramsey county to recover $50,000 for libel. The case came up for trial before Sanborn, J., who granted defendants' motion to dismiss the action on the ground of absolute privilege. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Morton Barrows, David E. Bronson* and *F. M. Catlin,* for appellant.

*Fowler, Carlson, Furber & Johnson, Mitchell, Doherty, Rumble, Bunn & Butler, Oppenheimer, Peterson, Dickson & Hodgson, Morphy, Bradford & Cummins, Stiles W. Burr, H. H. Glenn* and *Orr, Stark & Kidder,* for respondents.

DIBELL, J.

Action for libel based upon allegations contained in a complaint in which the defendants were plaintiffs. The trial court held the allegations privileged, and dismissed the action. The plaintiff appeals from the order denying his motion for a new trial.

Four of the defendants were creditors of the Semola Milling Com-

[1]Reported in 196 N. W. 481.

pany, a corporation. The three others constituted a minority of the stockholders. The seven brought an action for the appointment of a receiver, sequestering its property, and authorizing the receiver to continue the business. The plaintiff Rolfe was not a party. In the complaint in that action are the allegations which the plaintiff claims are libelous and which the defendants claim are privileged.

The plaintiff Rolfe was a director of the corporation and was actively engaged in its management. There was discord. Things were going bad with the company. It had not money with which to pay its rent or procure insurance. There was hopeless dissension among the officers of the company. Insolvency was imminent. Much blame was attached in the complaint to Rolfe. It was said that he had not paid for his stock; that he refused to give to the secretary the possession of the books; that while the mill could be operated under proper management at a profit it was not being operated at all; and there were other allegations, many of them evidentiary in character, as to the history and troubles of the company.

The allegations claimed to be libelous and held to be privileged are these: That about September 1, 1919, Rolf represented to the corporation that he was a skilled miller; that he was technical adviser of large flour milling interests; that he had valuable property holdings in England from which he could secure capital to finance the corporation; that he had exclusive knowledge of certain secret processes for milling Semola flour unknown to American engineers and millers; that the defendant believed the representations; that induced thereby it entered into a contract with him, and he was made general manager and technical adviser for five years at a salary of $500 per month, and in addition a certain sum for each per cent of profits earned by the company; that the representations were false; that he did practically nothing in the management of the mill of defendant; that he represented that he had carefully estimated the cost of the mill, and that its cost would not exceed $12,000; that it cost approximately $82,000; and that a large portion of this was wasted because of his extravagance and incompetency.

1. The question of privilege in a pleading had our recent consideration in Burgess v. Turle & Co. 155 Minn. 479, 193 N. W. 945, and

our cases and others were reviewed and discussed. The test there stated [page 484] is this: "Was the allegation so palpably wanting in relation to the subject matter of the controversy that no reasonable man could doubt its irrelevancy and impropriety?" We have adopted a liberal rule when it is sought to charge a party with liability upon the ground that his pleadings are libelous. The rule should be liberal. A party should be permitted to allege facts which seem fairly to bear upon the issue, though discreditable to another, without incurring the peril of being put to the defense of an action for libel if he pleads incorrectly. The test whether the matter is irrelevant, so as to prevent the defense of privilege in an action of libel, is not the test which is applied when there is a motion to strike out as irrelevant. A party may put in his pleadings what seems relevant as bearing upon the issue, though upon mature and critical consideration by a court it is held irrelevant, without being subject to a successful charge of libel. He has that much privilege; but, under the guise of privilege, he may not take advantage of his position as a party and make use of his pleading as a mere vehicle of detraction.

2. The complaint stated at considerable length the facts claimed to justify the appointment of a receiver. It is not unusual, when a receiver is sought, to state in detail the facts, instead of relying upon allegations of an ultimate fact. Thereby it is thought that the court gets better possession of the exact situation. The complaint stated the hopeless inability of Rolfe as manager and others interested in the company to agree upon a policy of action. They were in hopeless discord. Insolvency was imminent. The trouble was sought to be laid to Rolfe. The history of his connection with the company was detailed. If we were considering a motion to strike out as irrelevant the allegations which the plaintiff thinks objectionable as libelous they would receive more critical attention than we are required to give when our inquiry is whether they are privileged. Upon a casual examination it is not clear that they would be held objectionable on a motion to strike. Applying the test which is our guide they are privileged.

Order affirmed.