14297

THE TEXAS CO. v. C. W. BREWER & CO. *ET AL.*

(185 S. E., 623)

November, 1935.

*Mr. Randolph Murdaugh,* for appellant, T. W. Brunson,

*Messrs. Tompkins & Tompkins* and *J. E. Tobin,* for respondent,

May 15, 1936.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This is an action for the collection of an account alleged to be due and owing by the defendant, C. W. Brewer & Co. for goods sold and delivered to it by the plaintiff. The complaint, in addition to these allegations, contained the following: "That plaintiff is informed by the said C. W. Brewer that he paid the above account to T. W. Brunson, the defendant herein, and that the said T. W. Brunson was the unauthorized agent of the plaintiff and had no authority to collect same."

The defendants, by their respective answers, denied the material allegations of the complaint and pleaded payment of the debt. Brunson also alleged, by way of counterclaim for $25,000.00, that Brewer had paid the account to him and that he had turned over to the plaintiff the amount so collected; that The Texas Company, with full knowledge of this, maliciously instituted this action and inserted in the complaint, for the purpose of injuring the defendant,

the statement above set out; that such allegation was not pertinent, relevant, or necessary, and was false and libelous and intended to hold the defendant up to public ridicule and scorn, and in words charged him with having committed a crime. The plaintiff demurred to the counterclaim on the ground that facts sufficient to constitute a cause of action were not stated. Judge Featherstone, who heard the matter, adopted that view, and from his order this appeal is taken.

It appears, although not so stated in the Court's order, that the Circuit Judge sustained the demurrer on the specific ground that the alleged libelous statement in the complaint was privileged because contained in a Court pleading. That question, therefore, to which argument of counsel is solely directed, is alone presented for decision.

We quote here the following from 36 C. J., 1253: "Defamatory matter contained in pleadings filed according to law in a Court having jurisdiction, if relevant and pertinent to the issues in the case, is absolutely privileged; and it is immaterial that the allegations are false and malicious and are made under cover and pretense of a wrongful or groundless suit. While the English rule is broadly stated that no action can be brought for any statements by the parties in the pleadings, regardless of their immateriality or irrelevancy, the weight of American authority is that the privilege is absolute when, and only when, the matter tendered is pertinent or material or relevant. * * * " See, also, 17 R. C. L., 335.

We have read with care some of the decided cases in which the above-stated rule was discussed and followed, but deem it unnecessary to quote from them at length. As to whether allegations in a pleading are pertinent to the real issues involved, it is held that the question of relevancy in such inquiries is a matter for the determination of the Court and not for the jury. Also that a liberal interpretation of the pleadings is required in actions of this kind, and that all doubt shall be resolved in favor of rele-

vancy. See *Bussewitz v. Wisconsin Teachers' Association,* 188 Wis., 121, 205 N. W., 808, 42 A. L. R., 873, and cases there cited.

In *Hammer v. Forde,* 125 Minn., 146, 145 N. W., 810, 811, it was said: "In order that every one may feel free to seek justice he should be allowed to state his cause of action or defense fully to the Court without fear of being subjected to a lawsuit for so doing unless he clearly abuses the privilege. Therefore Courts are prone to be liberal in considering the pertinency or materiality of the matters stated in a pleading in case of an attempt to use the same as a foundation for a libel suit."

In *Carpenter v. Grimes Pass Placer Mining Co.,* 19 Idaho, 384, 114 P., 42, 45, the Court had before it a similar question, and, after reviewing some of the authorities, stated: "We are satisfied that the ends of justice and the public good can be best served by allowing litigants to freely plead any pertinent or material matter in a judicial proceeding to which they are parties, holding them accountable only for defamatory matter which is neither pertinent nor material to the subject under inquiry. They cannot be allowed to avail themselves of the protection of the Court to assail and besmirch the reputation of their adversaries, or to there find protection, and thence sally forth in the guise of a pleading to assassinate character and belie virtue. The privilege must be exercised in good faith. The courts will determine as a matter of law whether the matter pleaded was in fact pertinent or material."

There are many other decisions to the same effect, but reference to them would add little or nothing to what is said above. We turn, therefore, to an examination of the alleged objectionable language contained in the complaint before us, for the purpose of determining, in the light of the foregoing principles, as stated and applied by the Courts, whether such allegation, under any view which may be taken of the plead-

ings, was relevant, pertinent, or material to the issue involved.

Giving the allegations of the complaint the most liberal interpretation, as we should in a case of this kind, we are unable to see how the statements concerning the defendant, Brunson, could be material. As stated, the suit was brought for the recovery of money alleged to be due and owing by the defendant, C. W. Brewer & Co., for goods sold and delivered to it by the plaintiff. This was the sole issue, and the first four paragraphs of the complaint, which set forth these facts, contained all that was necessary to state a cause of action against that defendant. The allegations as to Brunson, to say the least, were objectionable and unnecessary. However, resolving all doubt in favor of relevancy, the conclusion may properly be reached that the alleged libelous matter contained in the complaint is so legitimately related to the issue made that it may, in connection with the trial of the case, properly become a subject of inquiry. For this reason, the demurrer was correctly sustained.

The order appealed from is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.