15729

McKESSON & ROBBINS, INC., v. NEWSOME *ET UX.*

(33 S. E. (2d), 585)

*Messrs. Felder & Rosen, Mr. W. B. Martin,* and *Mr. P. F. Haigler,* all of Orangeburg, S. C., Counsel for Appellant,

*Mr. R. A. Bowman,* of Orangeburg, S. C., Counsel for Respondent,

April 2, 1945.

MR. CHIEF JUSTICE BAKER delivered the unanimous Opinion of the Court:

Let the complaint in this action (which was verified by an officer of plaintiff-respondent), and the second defense and

counterclaim contained in the answer of the appellant, Inez F. Newsome, be reported herewith.

The answer of I. E. Newsome was a general denial; and the first defense of the answer of the appellant, Inez F. Newsome, after admitting that she is the wife of I. E. Newsome, alleges that she "has no knowledge, information or belief as to the allegations of the complaint herein, other than that she has a sperate estate from him, which is her property, paid for through her efforts, and that she is the owner and holder of the same." Then follows a general denial of all allegations not admitted.

The respondent moved to strike paragraph 1 of the first defense of the answer of the appellant on three stated grounds. This motion was refused, and there is no appeal therefrom. However, the respondent also moved to strike paragraphs 1 and 2 of the second defense and counterclaim on the ground: "That the alleged acts of the plaintiff therein, even if defamatory as alleged, are absolutely privileged in law and cannot constitute a defense".

The County Judge granted this motion, citing as authority therefor the case of *Texas Company v. C. W. Brewer & Co. et al.,* 180 S. C., 325, 185 S. E., 623; and on the additional ground that the alleged counterclaim arose, if it did arise, after the commencement of the action.

It is from this order that Inez F. Newsome has appealed.

The case cited by the County Judge (*Texas Company v. C. W. Brewer & Co. et al.*) holds that libelous or defamatory statements in pleadings, when pertinent or material or relevant to real issues involved, are privileged; that the pertinency or materiality or relevancy of such statements is for the determination of the Court and not a jury, and that in determining this issue pleadings must be liberally interpreted and all doubts resolved in favor of relevancy.

Liberally interpreted, there are allegations in the complaint which are relevant to appellant's (Mrs. Newsome's) liability for the alleged indebtedness, and responsive to the efforts to make appellant liable for the indebtedness and property in her name subject to execution for any judgment procured thereon. Therefore, it was correctly held that the statements contained in the complaint were privileged and could not furnish a defense, or the basis for an action in libel.

We find it unnecessary to discuss the additional ground upon which the objectionable matter in the second defense and counterclaim of the appellant was stricken. from her answer.

Judgment affirmed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.