21507

James I. REDFEARN, Respondent, v. C. R. PUSSER, Jr. and James Kenneth Chambers, Defendants, of whom C. R. Pusser, Jr. is, Appellant.

(280 S. E. (2d) 206)

*Wilburn Brewer, Jr.*, of Nexsen, Pruet, Jacobs & Pollard, Columbia, *for appellant.*

W. Lee Youngblood, Pageland, *for respondent.*

July 7, 1981.

LEWIS, Chief Justice:

This action seeks damages allegedly sustained from libelous statements made concerning plaintiff (respondent) in a pleading filed in the Probate Court for Chesterfield County by the defendant (appellant). Demurrer to the complaint was interposed on the ground that the alleged libelous statements were contained in a judicial pleading which is absolutely privileged. Appeal is from an order of the trial judge overruling the demurrer.

We have held that defamatory matter contained in pleadings filed according to law in a court having jurisdiction, if

relevant and pertinent to the issues in the case, is absolutely privileged. *The Texas Company v. C. W. Brewer & Company*, 180 S. C. 325, 185 S. E. 623.

Under the record before us, the trial judge was limited, in his consideration of the demurrer, to the allegations of the complaint. However, the issuue of privilege, including the relevancy of the alleged defamatory matter, was reached and the demurrer decided on the basis of information beyond the allegations of the pleadings under attack. The order under appeal, in effect, treated the issues as arising under motion for summary judgment, which was error.

We think, however, that the trial judge reached the correct result. Under a liberal construction of the pleadings, a cause of action is stated and the demurrer was properly overruled. "[P]rivilege is a matter of defense and ordinarily not available on demurrer." *Porter v. News and Courier Co.*, 237 S. C. 102, 115 S. E. (2d) 656.

We, therefore, affirm the order of the lower court, in result, without prejudice to the rights of the parties to pursue the issues on the merits.

Judgment is accordingly affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.