Terri Sue SNOW, Plaintiff-Appellant,†

v.

Gina KOEPPL and American Home Assurance Company, Defendants-Respondents,

NORTHERN WISCONSIN PSYCHOLOGICAL ASSOCIATES, Defendant.

Court of Appeals

*No. 90-0692. Submitted on briefs October 8, 1990.—Decided November 6, 1990.*

(Also reported in 464 N.W.2d 215.)

† Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *H. Stanley Riffle* and *Eric O. Schlieter* of *Arenz, Molter, Macy & Riffle, S.C.* of Waukesha.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Stephen P. Juech* and *Tamara A. Hayes* of *Frisch & Dudek, Ltd.* of Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

LAROCQUE, J.   Terri Sue Snow appeals a summary judgment dismissing her claims for breach of confidentiality and invasion of privacy against Dr. Gina Koeppl, a Rhinelander psychologist and her insurer, American Home Assurance Company. Koeppl, in the course of preparing a court-ordered psychological evaluation of Snow for use in a family court action, obtained and delivered to the court excerpts from earlier counseling records of the Northern Wisconsin Psychological Associates (hereafter "the clinic"), Koeppl's place of employment and a division of the Rhinelander Medical Center, Inc.

The circuit court dismissed Snow's claims on grounds that Koeppl was immune from liability as a quasi-judicial officer and court-appointed expert witness. There remains pending in the trial court a claim against the clinic alleging negligent failure to protect the confidentiality of the records involved. We affirm the summary judgment.

Snow originally engaged in therapy sessions in 1984 and 1985 with Robert Stensberg, ACSW, another clinic associate, and detailed records were compiled and maintained. Then, in 1988, Snow was a party in a family court action wherein her ex-husband sought visitation rights with the couple's two minor children. The trial judge in that action met with the parties, neither of whom was represented by legal counsel, and verbally ordered the entire family to undergo psychological evaluation.[1] The court advised Koeppl of the order via telephone. The order and its exact provisions were never recorded or reduced to writing.

At the time the evaluation was ordered, neither the court nor Koeppl was aware of the prior treatment and records. In the course of her task, Koeppl learned of

[1]Although Snow's complaint and her answers to interrogatories assert that the trial judge ordered only her ex-husband and the children to submit to Koeppl's evaluation, her brief states: "As a part of these proceedings, Circuit Court Judge Robert Kinney ordered that Ms. Snow, Mr. Sommers and the two children undergo psychological evaluation to determine the propriety of granting visitation rights to Mr. Sommers." We therefore deem the issue raised in Snow's complaint and interrogatories abandoned and accept as an undisputed fact her concession that the order included an evaluation of the entire family. *Reiman Assocs. v. R/A Adver.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 n.1 (Ct. App. 1981) (issues raised but not briefed or addressed are deemed abandoned).

Snow's previous counseling sessions. Koeppl examined the clinic files and incorporated some information from them in her report to the court. Thereafter, the court permitted Snow and her ex-husband to review Koeppl's evaluation and report.

Snow's complaint in this action alleges that Koeppl "revealed and disclosed this information to the general public, without the authorization of the plaintiff," that Koeppl's conduct was negligent, reckless and wanton, violated an implied contract as well as various laws protecting against breach of confidentiality and invasion of privacy, and she sought both compensatory and punitive damages for her injuries.

Koeppl's answer asserts certain denials and defenses including a claim that Koeppl's actions were done with Snow's consent, that the psychologist/patient privilege is inapplicable under circumstances where the actions were taken pursuant to a court order, and finally that the court, not Koeppl, released the information. Because we conclude that a judicial order creating official duties directly and closely connected to court proceedings should be broadly construed in favor of the person required to act, we accord Koeppl absolute immunity.

Summary judgment methodology is governed by sec. 802.08, Stats., and is set forth in detail in many cases, including *Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473, 476–77 (1980). Statements made in the course of judicial proceedings are absolutely privileged and insulate the speaker from liability so long as the statements "bear a proper relationship to the issues." *Bergman v. Hupy,* 64 Wis. 2d 747, 750, 221 N.W.2d 898, 900 (1974). The rule is traceable to earliest Wisconsin case law. *Jennings v. Paine,* 4 Wis. 372 (*358) (1855). The rule extends to attorneys, witnesses and physicians

appointed to examine a person in connection with judicial proceedings. *See Bromund v. Holt,* 24 Wis. 2d 336, 129 N.W.2d 149 (1964). The Wisconsin rule is in harmony with the general rule throughout this country. *Bussewitz v. Wisconsin Teachers' Ass'n,* 188 Wis. 121, 124-25, 205 N.W. 808, 810 (1925). The determination whether the statements are pertinent and relevant to the issues is a question of law for the court and not a fact issue for the jury. *Id.* at 125, 205 N.W. at 810. When making this inquiry, all doubts should be resolved in favor of relevancy. *Id.* There is good reason for the rule:

> If parties are shadowed by the fear that by some mistake as to facts or some excess of zeal, or by some error . . . they may be subjected to harassing litigation . . . they may well feel that justice is too dearly bought and that it is safest to abandon its pursuit . . .. [F]eelings are often wounded and reputations are sometimes soiled. This is, of course to be regretted, but . . . "[T]he paramount public interest here intervenes and overrides considerations of mere private right as between the parties."

*Id.* at 127-28, 205 N.W. at 811 (quoting *Keely v. Great No. Ry.,* 156 Wis. 181, 187, 145 N.W. 664, 665 (1914)). While it is true that none of the cases deal with alleged breach of confidence or invasion of privacy, we see no reason to diminish the immunity or to alter the rule under the present circumstances.

Here, a directive to perform a psychological evaluation should, in keeping with the sound reasons for immunity, be liberally construed to protect the court official from liability for the examination and use of reports of earlier psychological counseling or therapy. The question of relevancy of the disputed material contained in Koeppl's report is not whether the information

may be excluded at trial under sec. 904.03, Stats., but whether it bears a general frame of reference and relation to the subject matter of the court's order. *See Rady v. Lutz,* 150 Wis. 2d 643, 648, 444 N.W.2d 58, 60 (Ct. App. 1989). The reported information dealing with Snow's earlier psychological problems and the causes thereof were relevant to the court-ordered psychological evaluation. We need not address whether delivery to the judge alone constitutes "public disclosure" so as to violate confidence or invade privacy in view of our holding on immunity.

*By the Court.*—Judgment affirmed.