23308

In the Matter of James Arthur CHEEK, Respondent.

(400 S.E. (2d) 139)

Supreme Court

*John R. Harper, II*, Columbia, *for respondent.*

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. William K. Moore*, and *Asst. Atty. Gen. James G. Bogle, Jr.*, Columbia, *for complainants.*

Heard Dec. 11, 1990.

Decided Jan. 21, 1991.

*Per Curiam:*

This is an attorney disciplinary matter. The hearing panel and the Executive Committee found respondent advanced a position merely to harass or maliciously injure another and improperly disclosed the existence of a grievance complaint in violation of Rule 20 of the Rule on Disciplinary Procedure.[1] We concur in these findings and conclude the appropriate sanction is a public reprimand and restitution.

The findings of misconduct arose from the following matters. In October 1986, attorney Cheryl Aaron instituted a civil lawsuit on behalf of a client who alleged respondent's client had participated in sexually assaulting her. When Aaron refused respondent's request to dismiss his client from the action, respondent filed a third-party complaint against Aaron and her law firm for libel.[2] After the third-party complaint was dismissed upon motion of Aaron's defense counsel, respondent appealed to this Court and subsequently sought to reinstate the appeal after it was dismissed as abandoned.

As a result of the third-party action and appeal, Aaron was forced to withdraw from her representation and incurred $2,022.79 in attorney's fees. Respondent has reimbursed Aaron $1,000.00 of that amount.

In April 1987, respondent represented Robert Petty in an attempt to set aside a settlement obtained on Petty's behalf by another Spartanburg attorney. In his motion to substitute counsel, respondent stated Petty had instituted a grievance complaint against the Spartanburg attorney. Even though re-

---

[1] Now Rule 413, para. 20, SCACR.

[2] Under South Carolina law, defamatory statements in a complaint, if relevant to the issues in the case, are absolutely privileged. *Redfearn v. Pusser*, 276 S.C. 506, 280 S.E. (2d) 206 (1981); *Texas Co. v. C.W. Brewer & Co.*, 180 S.C. 325, 185 S.E. 623 (1936).

spondent knew the grievance matter had been dismissed, he again stated in a subsequent motion and on appeal that a grievance complaint had been filed.

Respondent is hereby publicly reprimanded. Further, respondent shall make full restitution to Cheryl Aaron in the amount of $1,022.79.

Public reprimand.