**Radu RASIDESCU, Plaintiff,**

v.

**MIDLAND CREDIT MANAGEMENT, INC.; J. Brandon Black, Defendants.**

**No. CIV. 05CV1794JAHWMC.**

United States District Court, S.D. California.

July 26, 2007.

Tomio B. Narita, Jeffrey A. Topor, Simmonds & Narita LLP, San Francisco, CA, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

HOUSTON, District Judge.

### INTRODUCTION

Now before this Court is Defendants' Midland Credit Management, Inc. ("Midland") and J. Brandon Black ("Black") (collectively "Defendants") motion for judgment on the pleadings of *pro se* Plaintiff Rasidescu's complaint. Doc. No. 37.

### PROCECURAL BACKGROUND

On September 16, 2005, *pro se* Plaintiff Radu Rasidescu ("Rasidescu") filed a complaint, against Defendants. On October 5, 2005, Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1). Doc. No. 4. Plaintiff filed an opposition [1] *nunc pro tunc* on October 28, 2005. Doc. No. 7. Defendants filed a reply on November 4, 2005. Doc. No. 8. Oral argument was heard on November 17, 2005, with Mr. Jeffrey Topor appearing for Defendants and Mr. Radu Rasidescu appearing *pro se.* Doc. No. 9. The Court, at the hearing, granted Defendants' motion

---

1. Plaintiff's document entitled "Plaintiff's Answer," was filed in response to Defendant's motion. This Court accepted the document *nunc pro tunc,* construing the document as an opposition to Defendant's motion to dismiss.

without prejudice, with leave to amend the complaint within sixty days. *Id.* The Court issued a written Order on November 23, 2005, dismissing the case with leave to file an amended complaint. Doc. No. 10.

On January 19, 2006, Plaintiff filed a timely first amended complaint, reopening his case. Doc. No. 11. Plaintiff reiterated that Defendants "did destroy the Plaintiff's, Radu Rasidescu. Credit (sic), its history and score by committing fraud in fact and law ... negligently, knowingly and maliciously." Doc. No. 11 at 1–2. Plaintiff further alleged that he "does not qualify for any loans, or mortgages" and he "does not qualify to get any credit from any financial institutions." *Id.* at 2. Defendant subsequently filed a motion to dismiss on January 27, 2006. Doc. No. 12. Plaintiff filed a notice of motion to strike and opposition *nunc pro tunc* on February 21, 2006. Doc. No. 15. Defendant filed a reply on March 21, 2006. Doc. No. 17. This Court granted Defendant's motion to dismiss without prejudice on May 19, 2006, and granted Plaintiff leave to file an amended complaint. Doc. No. 18.

On July 3, 2006, Plaintiff filed *nunc pro tunc* a second amended complaint, alleging that "both Defendants, Midland Credit Management, Inc. and J. Brandon Black did negligently and falsely made (sic) a claim in March–April 2005 against Radu Rasidescu, committing fraud in fact and law and perjury." Doc. No. 20 at 1–2. Plaintiff alleges that these false claims were made "in its March–April 2005 petition [with] the National Arbitration Forum," seeking $10,672.39 plus attorney fees. *Id.* at 2. Plaintiff also reiterated claims for "Tort & Actual Damages." Plaintiff claimed "Negligence" by Black in allowing Midland to produce the "summary account false document." *Id.* On July 10, 2006, Defendant filed a motion to dismiss Plaintiff's SAC. Doc. No. 21.

Plaintiff did not file a response to Defendant's motion to dismiss. Defendant filed a reply memorandum on October 4, 2006. Doc. No. 23. This Court subsequently took the matter under submission on October 10, 2006, pursuant to Civ.LR 7.1(d.1).

On October 19, 2006, Plaintiff filed an *ex parte* application requesting the opportunity to file a response to Defendant's motion to dismiss. Doc. No. 27. This Court granted Plaintiff's *ex parte* application. Doc. No. 30. Plaintiff filed an opposition to Defendant's motion to dismiss on October 25, 2006. Doc. No. 29. On February 14, 2007, this Court issued an Order denying Defendant's motion to dismiss in its entirety. Doc. No. 31. On March 2, 2007, Defendants filed an answer to the second amended complaint. Doc. No. 32.

Defendant Midland claimed that in March of 2005, Midland filed a c claim with the National Arbitration Forum ("NAF") against Plaintiff. Defendant Midland sought to recover an unpaid credit card debt as assignee of MBNA America Bank, N.A. ("MBNA"), which sold the account to Defendant Midland. *See* NAF Claim at 1–2, 4, attached to Doc. 5. After the presentation of evidence and information to the arbitrator, an Order was entered on August 17, 2005, dismissing the arbitration with prejudice and making no award of damages to either party. *See* Doc. 20, Order attached at 5.

On April 4, 2007, Defendants filed a motion for judgment on the pleadings. Doc. No. 37. Plaintiff filed an opposition on May 1, 2007. Doc. No. 41. Defendants filed a reply on May 9, 2007. Doc. No. 44. On May 24, 2007, this Court ordered that Defendants file a supplemental memorandum addressing whether California or Wisconsin litigation privilege should apply, and Plaintiff may file a reply. Defendants filed a supplemental memorandum on June

8, 2007 and Plaintiff filed a reply on July 9. 2007.

## DISCUSSION

### I. Legal Standard—Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed.R.Civ.P. 12(c). Judgment on the pleadings is proper only when there is no unresolved issue of fact and no question remains that the moving party is entitled to a judgment as a matter of law. *Torbet v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir.2002); *Honey v. Distelrath*, 195 F.3d 531, 532–33 (9th Cir.1999). The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1989). Thus, the allegations of the non-moving party are accepted as true, and all inferences reasonably drawn from those facts must be construed in favor of the responding party. *Id.* If matters outside of the pleadings are presented to and not excluded by the court, a motion for judgment on the pleadings shall be treated as one for summary judgment pursuant to Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *Id.*

Judgment on the pleadings is not appropriate where the complaint alleges facts which, if proved, would permit recovery. *See General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.1989). Conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir.1996).

## II. Analysis

Defendants seek dismissal of the complaint, contending that the basis of Plaintiff's tort and fraud claims arise from alleged statements and actions arising out of an arbitration in Wisconsin that are protected by the California litigation privilege under Cal. Civ.Code § 47(b). Although Plaintiff did submit an opposition to Defendants' motion for judgment on the pleadings and a reply to Defendants' supplemental memorandum, Plaintiff does not respond to the specific issue of whether Plaintiff is barred from bringing claims for tort and fraud under the litigation privilege.

### 1. Choice of Law

Defendants argue that under Cal. Civ. Code § 47(b), Plaintiff's SAC is barred because Plaintiff's "claims against Defendants are based solely on the arbitration claim that Midland filed in the NAF." Doc. No. 38 at 6. Defendants argue that California choice of law principles dictate that California's litigation privilege applies to bar Plaintiff's claims. Doc. No. 46 at 6. Defendants conclude that all claims arise out of communications or pleadings in connection with the arbitration proceeding, which fall squarely within the bar of the litigation privilege and cannot survive. Defendants therefore move this Court to dismiss with prejudice Plaintiff's SAC. *Id.* This Court agrees with Defendants.

This Court in diversity cases must apply the choice of law rules of the forum state in order to determine if California privilege laws apply here. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The parties do not dispute that the arbitration conducted by the NAF was conducted in Wisconsin, against a Wisconsin resident, and that the arbitration order was entered in the state of Wisconsin. *See* Doc. No. 20,

Order attached to SAC at 5. Accordingly, to determine whether or not California privilege law applies to Plaintiff's claims, this Court must first engage in a choice of law analysis. *Competitive Technologies v. Fujitsu Ltd.*, 286 F.Supp.2d 1118, 1156 (N.D.Cal.2003), citing to *Klaxon*, 313 U.S. at 487, 61 S.Ct. 1020.

In California "[q]uestions of choice of law are determined ... by the 'governmental interest analysis' rather than by the ... 'most significant contacts theory' .... [U]nder the governmental interest analysis approach, the forum in a conflicts situation 'must search to find the proper law to apply based upon the interests of the litigants and the involved states.'" *Offshore Rental Co. v. Continental Oil Co.*, 22 Cal.3d 157, 161, 148 Cal.Rptr. 867, 583 P.2d 721 (1978) To do so, this Court must analyze "the respective interests of the states involved ... the object of which is to 'determine the law that most appropriately applies to the issue involved.'" *Hurtado v. Superior Court*, 11 Cal.3d 574, 579, 114 Cal.Rptr. 106, 522 P.2d 666, quoting *Reich v. Purcell*, 67 Cal.2d 551, 554, 63 Cal.Rptr. 31, 432 P.2d 727 (1967). Finally, there is no conflict of laws problem "where the laws of the two states are identical." *Hurtado*, 11 Cal.3d at 580, 114 Cal.Rptr. 106, 522 P.2d 666.

■ California employs a three part "governmental interest analysis" to determine which jurisdiction's law will apply. *Bowoto v. Chevron Corp.*, 2006 WL 2455761, *7 (N.D.Cal. Aug.22, 2006)(quoting *Abogados v. AT&T Inc.*, 223 F.3d 932, 934 (9th Cir.2000)). This choice of law analysis carries a presumption that California law applies and that the proponent of the foreign state law bears the burden of showing a compelling reason justifying displacement of California law. *Marsh v. Burrell*, 805 F.Supp. 1493, 1496 (N.D.Cal. 1992)

First, the court examines whether the substantive law of each state differs. Second, if there is a difference in the laws, the court determines whether each of the states has a legitimate interest in the application of the rule of the decision at issue. If both states have a legitimate interest, then the court moves to the third step. Third, the court identifies and applies the law of the state whose interest would be more impaired if its law were not applied. *Abogados, 223 F.3d at 934.* "When neither party identifies a meaningful conflict between California law and the law of another state, California courts apply California law." *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1138 (9th Cir.2003). Plaintiff cannot meet this burden of showing that there is a compelling reason to displace California law.

## 2. *California and Wisconsin Privilege*

■ There is no meaningful difference between the relevant privileges of California and Wisconsin. Both California and Wisconsin recognize an absolute privilege for statements made in litigation. As previously discussed by Defendants in their memorandum dated April 4, 2007 and supplemental memorandum dated June 8, 2007, California courts and the California legislature have long recognized that any alleged communications made during or in connection with judicial proceedings—including arbitration—are absolutely privileged. Such communications may not form the basis of any subsequent claim against the proponent. "For well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47(b)." *Rubin v. Green*, 4 Cal.4th 1187, 1193, 17 Cal. Rptr.2d 828, 847 P.2d 1044 (1993).

■ The California Supreme Court has outlined the parameters of the privilege:

The privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.

*Silberg v. Anderson,* 50 Cal.3d 205, 212, 266 Cal.Rptr. 638, 786 P.2d 365 (1990) (emphasis added).

The litigation privilege is not limited to actions brought in court. Private arbitration proceedings have explicitly been held to be "judicial proceedings" under section 47 of the Civil Code. The privilege applies to all arbitration proceedings because of the analogy to a judicial proceeding. *See Moore v. Conliffe,* 7 Cal.4th 634, 648, 29 Cal.Rptr.2d 152, 871 P.2d 204 (1994) (emphasis added); *Ribas v. Clark,* 38 Cal.3d 355, 364, 212 Cal.Rptr. 143, 696 P.2d 637 (1985). Thus California's litigation privilege applies to the contents of all pleadings and process involved in any judicial proceeding, including private contractual arbitration proceedings.

Like California, Wisconsin has also long recognized a privilege for statements made during litigation. See *Snow v. Koeppl,* 159 Wis.2d 77, 464 N.W.2d 215, 216 (1990) ("The rule is traceable to earliest Wisconsin case law," citing *Jennings v. Paine,* 4 Wis. 358 (1855)). "The law of absolute privilege is not new to the state of Wisconsin. Where the statements bear a proper relationship to the issues addressed, we have extended the absolute privilege to the statements of parties, witnesses and their counsel in judicial proceedings." *See Vultaggio v. Yasko,* 215 Wis.2d 326, 572 N.W.2d 450, 453 (1998) (citing *Bussewitz v. Wisconsin Teachers' Ass'n,* 188 Wis. 121, 205 N.W. 808 (1925), *Calkins v. Sumner,* 13 Wis. 193 (1860), and *Jennings,* 4 Wis 358, 1855 WL 1921, *3). As the Wisconsin court acknowledged in *Koeppl,* "[t]he Wis-

consin rule is in harmony with the general rule throughout this country." *Koeppl,* 464 N.W.2d at 216.

■ Wisconsin employs a two-part test for the absolute privilege. First, the statement "must be made in a procedural context that is recognized as affording absolute privilege, and it must be relevant to the matter under consideration." *See Rady v. Lutz,* 150 Wis.2d 643, 444 N.W.2d 58, 60 (1989). "[A]ny doubt as to relevance should be resolved in favor of finding the statement privileged." *Churchill v. WFA Econometrics Corp.,* 258 Wis.2d 926, 655 N.W.2d 505, 509 (2002)

Second, the person making the statement and the person to whom the statement is being made must be involved in and closely connected to the proceeding. *See Rady,* 444 N.W.2d at 60.

Analogous to California, the Wisconsin privilege exists "to afford litigants the utmost freedom of access to the courts to preserve and defend their rights and to protect attorneys during the course of their representation of clients." *Id.* Also similar to California, Wisconsin has elevated the interests protected by the privilege above any interests that might be vindicated by allowing the claim to proceed. "There is good reason for the rule" in favor of resolving all doubts in favor of relevancy. *See Koeppl,* 464 N.W.2d at 216–17.

Also similar to California, Wisconsin's privilege extends beyond traditional litigation to quasi-judicial proceedings. *See Vultaggio,* 572 N.W.2d at 453–54 (noting that privilege has been applied to statements made to grand jury or district attorney relating to matters under investigation, to statements made to real estate broker's board, to petitions to governor for removal of sheriff, to judicial officers, legislative proceedings and to certain governmental executive officers). In *Jalas–Franke v. Franke,* 2002 WL 31641567, *2

(Wis.Ct.App. Nov. 20, 2002), the Wisconsin appellate court ruled that a Wisconsin statute providing equitable relief against judgments was not available in an arbitration proceeding to "obtain judicial review on the merits of quasi-judicial proceedings". Wisconsin courts therefore consider arbitration proceedings to be "quasi-judicial."

Finally, the Seventh Circuit applied Wisconsin's broad interpretation of the privilege in *Niedert v. Rieger,* 200 F.3d 522, 525–526 (7th Cir.1999). The defendant in that case was held absolutely immune from liability for damages to the plaintiff which were caused by the defendant's false and malicious testimony. The Court refused to narrow the absolute privilege afforded a false and malicious affidavit, holding that the intentional misrepresentation did not warrant rejection of the privilege under Wisconsin law. *Id.*

Plaintiff in this case received a full hearing before the Wisconsin arbitrator. Both the Plaintiff and Defendant submitted evidence and information to the arbitrator. Doc. No. 2 at 5. In Wisconsin, an arbitration award is meant to be final and binding, which strongly implies that a decision on the record will issue. *See Jalas–Franke,* 2002 WL 31641567 at *2. There is no difference between California and Wisconsin privilege law. Both states have a long history of concluding that claims arising out of communications made during or in connection with judicial or quasi-judicial proceedings are absolutely privileged, and may not form the basis of any subsequent litigation.

The relevant privileges do not differ, therefore, California law applies in this case. This court need not proceed beyond the first part of the choice of law analysis.

█ It is undisputed that the account statement Plaintiff relies upon was submitted to the NAF in connection with Defendant Midland's arbitration. The account statement was relevant to Defendant Mid-

land's arbitration claim, and both Midland and the Plaintiff were "closely connected to the proceeding." *Rady,* 444 N.W.2d at 60. The account statement falls squarely within the parameters of the privilege and is barred.

### 3. *Legitimate State Interests*

Assuming that Wisconsin had an interest in having its privilege applied here, and that there was thus a true conflict, applying Wisconsin law instead of California law would impermissibly impair California's interest. One factor that should be considered in "undertaking the comparative impairment analysis" is the "concern" exhibited by the states in applying the relevant law, as reflected by whether their courts have issued any recent decisions on point. *Kearney vs. Salomon Smith Barney, Inc.,* 39 Cal.4th 94,114. Where a state has not squarely addressed the issue and has not "recently considered the issue at all," it cannot be said that its "interests in the application of its law to the present case are so compelling as to prevent an accommodation to the stronger, more current interest of [the other state]." *Id.* at 115. Here, unlike Wisconsin, which has not addressed the issue specifically, California has squarely held that the litigation privilege applies to bar claims arising out of an arbitration. *See Moore,* 7 Cal.4th at 648, 29 Cal.Rptr.2d 152, 871 P.2d 204; *Ribas,* 38 Cal.3d at 364, 212 Cal.Rptr. 143, 696 P.2d 637. California's interests would be the more impaired if its law were not applied. California's litigation privilege, therefore, applies here.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' motion for Judgment on the pleadings is GRANTED.